UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TORI STATON,

                              Plaintiff,        **COMPLAINT**

-against-

                                     08 Civ. 4423 (RJS)

THE CITY OF NEW YORK and P.O.s JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true    **JURY TRIAL DEMANDED**
names are presently unknown),

                             Defendants.

------------------------------------------------------------------------X

Plaintiff TORI STATON, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff TORI STATON is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On August 26, 2007, at approximately 2:00 a.m., plaintiff TORI STATON was lawfully present in the vicinity of W. 170th Street and Edward L. Grant Highway, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff TORI STATON was suddenly accosted by members of the New York City Police Department.

15. Defendants threw plaintiff TORI STATON to the ground, handcuffed him too tightly, and punched and kicked him in the face and torso.

16. As a result of this unprovoked assault, plaintiff TORI STATON sustained physical injuries.

17. Defendants placed plaintiff TORI STATON under arrest, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants then transported plaintiff TORI STATON to the 44th Precinct of the New York City Police Department, in Bronx, New York.

19. At the 44th Precinct, plaintiff TORI STATON was again physically assaulted by defendants, and sustained additional injuries.

20. Plaintiff TORI STATON was denied access to medical attention, despite his repeated requests for such care.

21. Plaintiff TORI STATON was transported to Bronx Central Booking, then back to the precinct, and then back to Central Booking.

22. Plaintiff TORI STATON was held and detained in police custody for approximately forty-eight hours.

23. Defendants initiated criminal proceedings against plaintiff TORI STATON, despite

defendants' knowledge that they lacked probable cause to do so.

24.     During the period between August 26, 2007 and December 4, 2007, plaintiff TORI STATON was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

25.     On or about December 4, 2007, all charges against plaintiff TORI STATON were dismissed.

26.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff TORI STATON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff TORI STATON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff TORI STATON's constitutional rights.

38. As a result of the aforementioned conduct of defendants, plaintiff TORI STATON was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff TORI STATON.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff TORI STATON.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff TORI STATON.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff TORI STATON.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff TORI STATON.

48. Defendants acted with malice in continuing criminal proceedings against plaintiff TORI STATON.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff TORI STATON's favor on or about December 4, 2007, when all charges against him were dismissed.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place plaintiff TORI STATON under arrest.

53. Defendants arrested plaintiff TORI STATON in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to plaintiff TORI STATON without excuse or justification.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Each and every individual defendant had an affirmative duty to intervene on plaintiff TORI STATON's behalf to prevent the violation of his constitutional rights.

57. The individual defendants failed to intervene on plaintiff TORI STATON's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

58. As a result of the aforementioned conduct of the individual defendants, plaintiff TORI STATON's constitutional rights were violated.

**SEVENTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60. Defendants created false evidence against plaintiff TORI STATON.

61. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

62. In creating false evidence against plaintiff TORI STATON, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony,

defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and was required to make multiple court appearances, without probable cause.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) using excessive force on minority males while taking them into custody and b) covering up the use of excessive force by claiming that the detainee was disorderly, resisted arrest and/or assaulted a police officer.

67. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Danny Rodriguez and Jose Rodriguez v. City of New York**, United States District Court, Southern District of New York, 06 Civ. 0357;

- **Rafael Santana v. City of New York**, United States District Court, Southern District of New York, 06 Civ. 2411.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TORI STATON.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TORI STATON as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff TORI STATON as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TORI STATON was unlawfully arrested and subjected to excessive force.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TORI STATON' constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff TORI STATON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. Not to have excessive force imposed upon him;

D. To be free from unwarranted and malicious criminal prosecution;

E. To be free from malicious abuse of process;

F. Not to have cruel and unusual punishment imposed upon him; and

G. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. On or about November 21, 2007, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

77. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. On or about December 10, 2007, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, an Amended Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

79. The City of New York has wholly neglected or refused to make an adjustment or

payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

81. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>FALSE ARREST</u>

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

85. Defendant police officers arrested plaintiff TORI STATON in the absence of probable cause and without a warrant.

86. As a result of the aforesaid conduct by defendants, plaintiff TORI STATON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

87. The aforesaid actions by the defendants constituted a deprivation of plaintiff TORI STATON's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>FALSE IMPRISONMENT</u>

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. As a result of the foregoing, plaintiff TORI STATON was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

90. Plaintiff TORI STATON was conscious of said confinement and did not consent to same.

91. The confinement of plaintiff TORI STATON was without probable cause and was not otherwise privileged.

92. As a result of the aforementioned conduct, plaintiff TORI STATON has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants' aforementioned actions placed plaintiff TORI STATON in apprehension of imminent harmful and offensive bodily contact.

95. As a result of defendants' conduct, plaintiff TORI STATON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendant police officers touched plaintiff TORI STATON in a harmful and offensive manner.

98. Defendant police officers did so without privilege or consent from plaintiff TORI STATON.

99. As a result of defendants' conduct, plaintiff TORI STATON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>MALICIOUS PROSECUTION</u>

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. On or about August 26, 2007, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff TORI STATON, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

102. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff TORI STATON had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

103. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff TORI STATON.

104. Defendants lacked probable cause to initiate criminal proceedings against plaintiff TORI STATON.

105. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff TORI STATON.

106. Defendants misrepresented and falsified evidence before the District Attorney.

107. Defendants did not make a complete and full statement of facts to the District

Attorney.

108. Defendants withheld exculpatory evidence from the District Attorney.

109. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff TORI STATON.

110. Defendants lacked probable cause to continue criminal proceedings against plaintiff TORI STATON.

111. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff TORI STATON.

112. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff TORI STATON's favor on or about December 4, 2007, when all charges against plaintiff were dismissed.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

113. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Defendant police officers issued legal process to place plaintiff TORI STATON under arrest.

115. Defendant police officers arrested plaintiff TORI STATON to obtain a collateral objective outside the legitimate ends of the legal process.

116. Defendant police officers acted with intent to do harm to plaintiff TORI STATON, without excuse or justification.

117. As a result of the aforementioned conduct, plaintiff TORI STATON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

118. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

120. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

121. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

122. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff TORI STATON.

123. As a result of the aforementioned conduct, plaintiff TORI STATON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

124. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TORI STATON.

126. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O.s JOHN and JANE DOE #1-10 to engage in

the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

127.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff TORI STATON.

129.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff TORI STATON demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            May 11, 2008

                                            _____/s_____
                                            ROSE M. WEBER (RW 0515)
                                            225 Broadway, Suite 1607
                                            New York, NY 10007
                                            (212) 748-3355